UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Pikeville Division**

| | |
|---|---|
| Tonya Dailey<br>*Formerly known as* Tonya Tucker<br>    *Plaintiff*<br><br>v.<br><br>Midland Funding, LLC<br>    Defendant<br>Serve:<br>    Corporation Service Company<br>    421 W. Main Street<br>    Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

### INTRODUCTION

1.   This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Venue is proper, because the nucleus of operative facts and relevant events which affected and/or damaged Plaintiff as a consumer occurred within Pike County, Ky., which is located within this District.

### PARTIES

3.   Plaintiff Tonya Dailey, formerly known as Tonya Tucker, is a natural person who resides in Pike County, Ky.  Ms. Dailey is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.   Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the

business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5. Midland Funding, LLC principal purpose is the collection of "debt" and is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6. On June 14, 2013, Midland filed suit against Ms. Dailey in the Jessamine Circuit Court under case number 13-CI-00458 (the "State Court Lawsuit").

7. Midland's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card debt issued by Chase Bank USA, N.A. ("Chase").

8. The Chase credit card was used for personal, family, and/or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

9. Ms. Dailey did not reside in Jessamine County when Midland filed the complaint in the State Court Lawsuit.

10. On January 26, 2015, Midland moved to transfer its complaint against Ms. Dailey in the State Court Lawsuit to the Pike Circuit Court.

11. The Jessamine Circuit Court granted the motion to transfer. The State Court Lawsuit was ordered transferred to the Pike Circuit Court on February 2, 2015 and was assigned Pike Circuit Court case number 15-CI-00116. A true and accurate copy of Midland's complaint in the State Court Lawsuit is attached as Exhibit "A."

12. Ms. Dailey filed a *pro se* answer to Midland's complaint.

13. Midland moved for and was granted judgment on the pleadings against Ms. Dailey in the State Court Lawsuit on October 9, 2015 (the "Judgment"). A true and accurate copy of the Judgment is attached as Exhibit "B."

14. The Pike Circuit Court Judgment provides in pertinent part:

## JUDGMENT

This matter coming on to be heard by the Court, the pleadings having raised no genuine issue of any material fact, and it further appearing that the Plaintiff is entitled to judgment as a matter of law;

**IT IS ORDERED AND ADJUDGED** that the Plaintiff shall recover of the Defendant, Tonya Tucker, the sum of $7,586.27, with 12% per annum from date of judgment until paid, plus court costs

This is a final and appealable judgment, and there is no just reason for delay in its entry.

15. While the Judgment awards "court costs" to Midland, no amount of court costs is included or set forth in the Default Judgment.

16. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

17. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

18. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

19. Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

20. A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

21. On April 10, 2017, Midland filed a Bill of Costs that itemized court costs in the amount of $162.50. A true and accurate copy of Midland's Bill of Costs is attached as Exhibit "C."

22. There are 549 days between October 9, 2015 (the date on which judgment was entered) and April 10, 2017 (date on which Midland filed its Bill of Costs).

23. 549 days is not a reasonable in which to file a bill of costs.

24. On September 7, 2017 Midland filed and served a wage garnishment on Ms. Dailey's employer (the "Wage Garnishment").

25. A true and accurate copy of the Wage Garnishment is attached as Exhibit "D."

26. The Wage Garnishment provides in pertinent part:



27. The Wage Garnishment includes self-awarded court costs or other fees, costs, or interest that Midland has no legal right to recover from Ms. Dailey (formerly known as Tonya Tucker).

28. Midland violated the FDCPA by **(i)** including court costs in the amount due in the Wage Garnishment where no timely Bill of Costs was filed in the State Court Case; **(ii)** falsely representing the amount due in the Wage Garnishment; and **(iii)** attempting to collect more under the Default Judgment that it had any legal right to collect from Ms. Dailey.

## Claims for Relief

I.  **Violations of the FDCPA**

29. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tonya Dailey requests that the Court grant her the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Submitted by:

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

-5-